UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BRYAN KILLIAN,

    Defendant.
                              /

No. 05-80722

District Judge Patrick J. Duggan

Magistrate Judge R. Steven Whalen

**ORDER DENYING MOTION FOR INTERRUPTION OF SENTENCE**

Defendant Bryan Killian is serving a prison sentence of 168 months, imposed on July 9, 2008, for conspiracy to possess with intent to distribute and to distribute cocaine. He is incarcerated at the Federal Prison Camp in Oxford, Wisconsin. Before the Court is his Emergency Motion for Interruption of Sentence [Doc. #142], in which he asks to be released for a period of 55 hours, beginning at 8:00 a.m. on February 11, 2015, so that he can attend the funeral of his adopted brother. For the reasons discussed below, Mr. Killian's motion is DENIED.

Mr. Killian relies on the All Writs Act, 28 U.S.C. § 1651, which provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, that statute does not permit the district courts to supplant the authority Congress has given to the Bureau of Prisons to grant furloughs to inmates. *See* 18 U.S.C.

§ 3622(a). *See United States v. Morris*, 2012 WL 1579538, *1 (E.D.Wash. 2012)(where the Court was "not persuaded that the All Writs Act allows this court to circumvent the authority which Congress has vested in BOP to grant temporary releases to federal prisoners."). The *Morris* Court added:

> "'Where a statute specifically addresses the particular issue at hand, it is that authority and not the All Writs Act, that is controlling.'" *Pennsylvania Bureau of Correction v. U.S. Marshals Service,* 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985). 18 U.S.C. Section 3622(a) specifically addresses the particular issue presented by Defendant in the captioned matter and therefore, it is controlling. The Defendant must seek relief from BOP."

*See also United States v. Greer*, 2010 WL 3279335, *1 (E.D.Wis. 2010)("Under 18 U.S.C. § 3622(a), the BOP may release a prisoner for specified purposes, including to visit dying relatives or attend funerals, but nothing in that statute appears to confer similar power on the sentencing court"); *United States v. Reed*, 2008 WL 4822045, *2 (C.D.Ill. 2008)(the court holds "that it does not have jurisdiction to grant a temporary interruption of sentence and that that power remains exclusively with the Bureau of Prisons")(citing *United States v. Premachandra,* 78 F.3d 589 (8th Cir.1996)(unpublished)).

The inability to attend a funeral and pay one's final respects to a loved one is an undeniably harsh, but not atypical incident of prison life. I take no delight in denying Mr. Killian's request, and I do offer my condolences on his loss. However, the All Writs Act does not empower this Court to grant an interruption of his sentence.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 11, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 11, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager